# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JACKLYN MCKAY,

        Plaintiff,

v.                                                                                                   Case No. 06-CV-933

MICHAEL J. ASTRUE,

        Defendant.

## ORDER

On June 11, 2010, plaintiff Jacklyn McKay ("McKay") filed a Motion for Attorney Fees Pursuant to the Equal Access to Justice Act ("EAJA") (Docket #50). McKay requests fees as a prevailing party under the EAJA on account of this court's March 16, 2010 order (Docket #48) remanding defendant Michael J. Astrue's ("Commissioner") decision for further proceedings. That order was the culmination of litigation initiated by McKay's complaint (Docket #1), filed on September 1, 2006.

A prevailing party is entitled to fees under the EAJA unless the court finds the position of the United States was substantially justified, or special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). Such fees must be reasonable. 28 U.S.C. § 2412(d)(2)(A); *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Here, the government disputes both that its position was not substantially justified and the reasonableness of McKay's requested fees. As will be discussed in further detail, while an Administrative Law Judge's ("ALJ") failure to articulate reasoning may still result in a finding of a substantially justified position, the writing off of two years of

medical evidence with no explanation does not satisfy that standard. Thus, the court finds McKay is entitled to attorney fees, but will reduce them in the amount unreasonably expended on filing an oversized brief with the court.

**I.      SUBSTANTIAL JUSTIFICATION**

The Commissioner's position was not substantially justified, therefore, an award of fees is proper. The government has the burden of proving its position was substantially justified. *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994). The government's position includes both underlying agency conduct and the agency's litigation position, thus a district court should consider both litigation and pre-litigation conduct and award fees if *either* are not substantially justified. *Id.* Substantial justification requires that the government's position have a "reasonable basis both in law and fact." *United States v. Hallmark Const. Co.*, 200 F.3d 1076, 1080 & n.1 (7th Cir. 2000); *see also Pierce v. Underwood* 487 U.S. 552, 565 (1988). The Supreme Court explains substantial justification as conduct that is "justified to a degree that could satisfy a reasonable person." *Pierce*, 487 U.S. at 565. The standard is satisfied where "there is a 'genuine dispute,' or if reasonable people could differ as to the appropriateness of the contested action." *Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992) (quoting *Pierce v. Underwood*).

The Commissioner attempts to carry his burden of proving substantial justification by arguing that the court's main problem with the ALJ's decision was "insufficient articulation." The Commissioner then argues that insufficient articulation

is not normally considered lacking in substantial justification. In support, the Commissioner cites two Seventh Circuit cases. It is first important to note that in both cases, the Seventh Circuit conducted its review, as is usual for findings of substantial justification, under the abuse of discretion standard. *Stein v. Sullivan*, 966 F.2d 317, 319 (7th Cir. 1992); *Conrad v. Barnhart*, 434 F.3d 990 (7th Cir. 2006).

In the first case, the court of appeals affirmed the district court's denial of attorney fees under the EAJA because "the ALJ['s failure] to meet this articulation requirement in no way necessitates a finding [that] the Secretary's position was not substantially justified." *Stein*, 966 F.2d at 320. In that case, the court agreed with the district court's assessment that the rule of articulation is flexible and "far from precise." *Id.* at 319. The court concluded that the district court acted within its discretion in denying attorney fees where the circuit court's earlier ruling had not actually made a finding that the ALJ's position was not substantially justified. *Id.* at 320.

The Commissioner then cites to a more recent Seventh Circuit opinion in which the court again affirmed the denial of attorney fees where the district court remanded for lack of articulation. *Conrad*, 434 F.3d 987. In that case, the district court found that the ALJ erred by failing to explicitly consider certain vocational limitations referenced in a medical report. *Id.* at 990. The court made that finding despite the government's argument that the vocational limitations reflected the claimant's preferences and not the doctor's medical opinion. *Id.* As such, the court

remanded for further consideration, but denied attorney fees. *Id.* at 990-91. After noting that the district court had analogized to *Stein* in denying the fee request, the court of appeals stated that analogy was a proper use of *Stein*, but that were a court to rely on *Stein* as establishing a per se rule that failure to articulate precludes attorney fees, such a holding would be erroneous. *Id.* at 991. The appellant in *Conrad* attempted to distinguish *Stein*, arguing that the error of articulation in *Conrad* was a failure to follow SSR 96-8p, which was not at issue in *Stein*. *Id.* However, the circuit court rejected that position. *Id.* The court moved on, noting that SSR 96-8p required medical source opinions to be considered and addressed by an ALJ in the residual functional capacity ("RFC") assessment, but added that the appellant's argument assumed that the portion of the physician's report which the ALJ did not discuss was in fact a medical source opinion. *Id.* The court found that, on the basis of the information in the report and the context in which it was presented within the report, in addition to the fact that the ALJ did adopt another portion of the report, the government had a reasonable basis in law and fact for taking the position that, though not properly articulated, the portion of the report not discussed was not medical opinion, and thus failure to address it would not be a violation of SSR 96-8p. *Id.* at 991-92.

Here, *Conrad* may be distinguished based on the court of appeals' finding that the government had a reasonable basis for believing that part of the report was not medical opinion, and thus the failure to discuss it was not erroneous. In this case,

the ALJ failed to discuss an entire slate of medical reports, not just a portion of one, commenting only that "due consideration" was given to the new medical evidence and finding "no evidence in the record to contradict" the opinion of Dr. Lynch. (Tr. 375) (Docket #43). That opinion was submitted along with his testimony more than two years prior. There is no reason to believe, as there was in *Conrad*, that the ALJ had a reasonable basis in law or fact in dismissing without discussion those medical reports. In *Conrad*, the ALJ discussed and adopted a portion of the report at issue, but failed to discuss why he did not adopt the other portion. Here, the ALJ made no discussion whatsoever of the reports other than to make vague reference to "new medical evidence."

This case is further distinguished from *Conrad* in that the Seventh Circuit found a reasonable basis for the government's *argument during litigation* that the ALJ did not err in failing to discuss part of the physician's report. The court of appeals did not appear to address whether the ALJ's conduct itself was substantially justified. Here, the court is making a finding that the ALJ's *pre-litigation* conduct had no reasonable basis in law or fact, hence it was not substantially justified. Thus, while failure to articulate reasons for a decision may still result in a substantially justified position, the complete dismissal with no discussion whatsoever of two years' worth of medical evidence cannot be said to be justified to a degree that could satisfy a reasonable person, nor does the court find that a reasonable person could differ as to the appropriateness of such conduct. As such, the court finds the

Commissioner's position was not substantially justified and thus award of fees is proper.

## II. REASONABLENESS OF FEES

Because the court agrees that unnecessary time was expended on a stealthily oversized brief after the case was reinstated, the court will reduce the requested attorney fees, but finds the remaining fees reasonable. In determining reasonableness, the plaintiff bears the burden of so showing. *Hensley*, 461 U.S. at 437. However, a request for fees "should not result in a second major litigation." *Id.* The Commissioner asserts that, because this case was routine and plaintiff's counsel has a good deal of experience, McKay should not receive fees for the time spent drafting portions of briefs that exceeded page limits. The Commissioner also disputes the reasonableness of fees related to drafting motions for extension of time as well as compensation at an attorney billing rate for certain tasks.

The court agrees that a reduction in requested fees is appropriate as a result of submitting an essentially oversized brief. The Commissioner specifically points to this court's warning that future briefs filed by plaintiff's counsel in excess of the page limit would be struck upon the government's motion. (March 20, 2007 Order at 2) (Docket #23). He then asserts that McKay's brief after remand was similarly oversized because it failed to follow the local formatting rules. McKay responds that this is speculation and that, in any event, the Commissioner never actually objected to the size of the brief, nor requests a specific amount of fee reduction. Though

McKay paints the government's assertion of an oversized brief as speculation, it is obviously evident from visually inspecting the brief that plaintiff's counsel in fact fudged the formatting in order to slide in just a couple of sentences *over* the court's page limit. McKay is correct that the Commissioner did not object to the size, but choosing not to object has no effect on whether the fees associated with drafting an oversized brief, after warning from the court, are reasonable. The fact that the government does not request a specific reduction in fees is similarly irrelevant where such reduction is necessarily mathematically imprecise. The court acts well within its discretion when it decides to reduce attorney fees.[1] Because of the court's prior warning, combined with counsel's willingness to bend the rules in order to get around that warning, the court finds extra time spent on the essentially oversized brief to be an unreasonable aspect of the requested fees. The court finds it reasonable to reduce McKay's fees for drafting the brief after remand by one hour, from 4.8 hours to 3.8 hours. According to McKay's submissions, this amounts to a reduction of $173.39.

The court does not agree, however, that a reduction is appropriate for time spent drafting motions for extension of time. The Commissioner cites to two Northern District of Illinois cases to support this contention. In one, the court denied fees for obtaining extensions of time that were not reasonably necessary. *Burr v. Bowen*, 782 F. Supp. 1285, 1290 (N.D. Ill. 1992). However, the *Burr* court also

---

[1] *See* 28 U.S.C. § 2412(b) (court may award *reasonable* fees); § 2412(d)(1)(C) (court may reduce award for conduct unduly or unreasonably protracting final resolution).

noted that the claimant had not addressed the reasonableness of the hours expended in regard to the extensions. *Id.* In the other case, the court denied that portion of fees sought for obtaining an extension of time to file a summary judgment motion. *Prak v. Chater*, 908 F. Supp. 555, 557 (N.D. Ill. 1995). Those cases are distinguishable and unpersuasive. McKay has addressed the reasonableness of obtaining extensions in her reply brief, and these extensions were not for the filing of non-requisite summary judgment motions. Instead, the extensions were sought for filing a required brief, and were sought under good cause.[2] Further, as McKay notes, parties to social security cases in this district regularly seek and receive extensions of time. As such, the court does not find the time spent seeking extensions of time unreasonable in this case.

Neither does the court find any of the government's further arguments as to unreasonable fees persuasive. The Commissioner points broadly to tasks that could have been completed by a paralegal or secretary, explicitly identifying only the reformatting and sending of new disks as well as sending letters and calendaring dates. Because the Commissioner does not point to any other concrete examples, the court will consider any such further contentions waived. *See Schoenfeld v. Apfel*, 237 F.3d 788, 793 (7th Cir. 2001) (perfunctory and undeveloped arguments waived). The Supreme Court has noted there are a number of tasks which "lie[] in a gray area of tasks that might appropriately be performed either by an attorney or

---

[2](*See* Decl. of Lynn M. Zuehlsdorf) (Docket #39-1).

a paralegal." *Mo. v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989). But the Court has also stated that it is appropriate to distinguish between legal and clerical work. *Id.* "Such non-legal work may command a lesser rate. Its dollar value is not enhanced just because a lawyer does it." *Id.* Examples of such clerical work include "organizing file folders, document preparation, and copying documents." *Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544, 553 (7th Cir. 1999).

In light of this guidance, it seems that reformatting and filing disks with the court is likely not legal work deserving of compensation at an attorney billing rate. However, because the Commissioner has provided no argument or input as to what the proper paralegal or secretary rate should be, the court finds the argument waived. Further, sending letters to clients and administrative agencies, and calendaring dates after receipt and review of court-issued documents, fall within the gray area referenced by the Supreme Court. Drafting and sending letters to clients and administrative agencies relevant to the case is certainly legal work, even if, after closer examination, the contents could be prepared by a paralegal.[3] Moreover, lawyers are expected to take time to stay apprised of the status of their cases, and the court finds it hard to believe that 0.2 hours spent reviewing and calendaring was somehow dominated by the calendaring aspect. Instead, it seems that calendaring is a mere incident to the review, which is properly a legal task, and the

---

[3]On that point, it is important to reiterate that the Supreme Court did not foreclose attorneys from performing legal work that could be done by a paralegal, but rather expressed the position that paralegal work which could be appropriately performed by *either* an attorney or paralegal is compensable in a fee petition because it saves on litigation costs. 491 U.S. at 288 n.10.

Commissioner has not persuaded the court otherwise. As such, the court does not find sending letters and calendaring dates to be unreasonably billed at an attorney's rate, particularly in view of the minute amount of time spent on such tasks. Thus, the court will reduce the requested fee award in the amount unnecessarily expended on an oversized brief, but finds the remaining fee request reasonable.

In sum, the court finds the Commissioner's position was not substantially justified, but also finds that not quite all requested fees are reasonable. The court will reduce the award in the amount of $173.39, resulting in a total award of $11,310.30.[4]

Accordingly,

**IT IS ORDERED** that plaintiff's Motion for Attorney Fees (Docket #50) be and the same is hereby **GRANTED**; the defendant shall pay the plaintiff's attorneys' fees in the amount of **$11,310.30**.

The clerk of court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 8th day of December, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

---

[4] McKay originally requested an award of $10,334.43, and included a request for additional time spent preparing her reply brief in the amount of $1,149.26 which the court finds reasonable. This amounts to a total requested award of $11,483.69 from which the court makes its reduction.